MARY ELLEN FERGUSON BY ETC. *v.* GEORGE FERGUSON'S EXR., ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—239.]

**Construction of Will.**

> Where a testator provided that money he owed to his daughter, as her guardian, should be paid in full, and gave the remainder of his estate to a trustee to be held in trust for the sole and separate use of said daughter, it was held that the trustee was not required to pay over to the guardian of the legatee the whole of said estate, but that he was required to pay only so much

thereof as might be necessary for her support, maintenance and education.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 8, 1883.

OPINION BY JUDGE HINES:

The following clause of a will is presented for construction: "I am the statutory guardian of my daughter and may be indebted to her at the time of my death. I direct that whatever sum I may be found indebted to her upon the settlement of my accounts, as her guardian, shall be paid out of my estate, and whatever balance thereof may then remain, I give to Alonzo C. Bowen, to be by him held in trust for the sole and separate use and benefit of my said daughter during her life, the same and the rents, issues and profits thereof to be free from the debts, control and marital rights of any husband she may have.

"The said trustee shall pay over to the guardian of said child during her minority, and to herself after she becomes of age, the proceeds of said trust estate for her support, maintenance and education, as far as may be necessary, except as hereinafter provided. At her death said estate shall pass to her child or children or to their descendants should they be dead. Should my said daughter have no child or children or should there be no descendants of such child or children, then and in such event I give said estate to my three brothers, William D., Bowen C. and Theodore B. Pudy, share and share alike."

The question presented is whether the whole of the income of the trust estate devised to appellees shall be paid over to appellant's guardian, or only so much as may be necessary for her support, maintenance and education. The court below held that the trustee could pay over to the guardian only so much of the income of the estate as might be necessary for the support, maintenance and education of the child, and in this conclusion we concur.

The words "as far as may be necessary," being without qualification or restriction by anything else found in the will, have a plain and unequivocal meaning that needs no illustration. To give these words any meaning they must be applied as they were in the decree below. We see no room for any other construction.

Judgment *affirmed.*
*Barrett & Brown,* for appellants.
*Chas. H. Gibson,* for appellees.